REQUESTED BY: Karen Kilgarin, Director Nebraska Department of Administrative Services
In October, 1997, the State of Nebraska was hit by a severe winter snowstorm which left heavy accumulations of snow and damaged trees and power lines in several parts of the state. In the aftermath of that storm, portions of the cities of Lincoln and Omaha were left without electrical power for several days. To aid in disaster relief and the provision of necessary services, the Governor declared a state of emergency and called various units of the Nebraska National Guard (the "Guard") to active duty.
The Guard units on active duty in connection with storm relief efforts included state employees who left their normal jobs with state agencies to serve in the Guard during the emergency. Under the pertinent portions of the Nebraska Statutes, those state employees on active duty with the Guard during the emergency were eligible for an emergency military leave of absence. With such a leave of absence, state employees are entitled to be paid their military salaries plus sufficient additional sums from their state agency salaries so that they suffer no loss from their total state pay during the period of active duty. In essence, the state agencies involved pay the Guard members the difference between their military pay and their state agency pay for the days on emergency military leave.
A number of the Guard employees involved in the October, 1997, snow emergency have now apparently inquired as to whether they may take vacation or earned compensatory time from their state agency for the days when they were on military active duty after the storm instead of taking emergency military leave. In that fashion, those individuals could potentially earn both their military salary and their full state agency salary. The individuals in question were initially told that they could not take vacation time for the days on active military duty. Nevertheless, to assist in resolving the issue, you have posed the following question to us:
 Can an employee called to state active duty under emergency conditions be granted vacation leave or earned compensatory time for the same hours so that their normal state pay check is not reduced by the amount of military pay they earn while on state active emergency duty?
For the reasons discussed below, we believe that the answer to your question is "yes." In our view, the Guard employees in question can choose to expend their accrued vacation time or earned compensatory time for the days when they were on emergency military leave so that their state agency pay check is not reduced by their military pay, provided that the agency head of the state agency involved approves such a use of vacation.
Our review of Nebraska cases and the Nebraska Statutes in this instance disclosed no Nebraska cases or statutes which deal directly with the question which you presented. However, several statutes and agency regulations do have relevance to your inquiry.[1] First of all, Neb. Rev. Stat. § 55-157
(1993) provides, as is pertinent:
 When an active or retired or enlisted person of the National Guard is ordered to active service of the state by the Governor or Adjutant General, he or she shall receive compensation as provided in this section. For service during a disaster or emergency an officer or enlisted person shall be entitled to the same pay, subsistence, and quarters allowance as officers and enlisted personnel of corresponding grades of the Army and Air Force of the United States.
As a result, Guard members who are state employees must receive military pay from the Guard for the days during which they are on active duty during an emergency. Also, Neb. Rev. Stat. §55-160 (1993) creates the military leave at issue:
 All employees, including elected officials of the State of Nebraska, . . . who shall be members of the National Guard, Army Reserve, Naval Reserve, Marine Corps Reserve, Air Force Reserve, and Coast Guard Reserve, shall be entitled to leave of absence from their respective duties, without loss of pay, on all days during which they are employed with or without pay under the orders or authorization of competent authority in the active service of the state or of the United States, for not to exceed fifteen workdays in any one calendar year. Such leave of absence shall be in addition to the regular annual leave of the persons named therein. When the Governor of this state shall declare that a state of emergency exists, and any of the persons named in this section are ordered to active service of the state, an additional leave of absence will be granted until such member is released from active service by competent authority. During the additional leave of absence because of the call of the Governor, any official or employee subject to the provisions of this section shall receive such portion of his salary or compensation as will equal the loss he may suffer while in active service of the state. . . .
(Emphasis added). In addition to those statutes, Neb. Rev. Stat. § 81-117 (1996) provides that compensatory time off may be granted when certain state employees are required to work more than forty hours in any one week, and Neb. Rev. Stat. §81-1328 (1994) establishes the amount of vacation leave with full pay which various state employees earn each year.
Apart from the statutes noted above, several portions of the State Classified System Personnel Rules (the "Personnel Rules") are also relevant to your question. Section 001 of Chapter 9 of those Rules, 273 NAC 9-001, states that the forms of leave authorized for state employees include holiday, vacation, sick, injury, military, civil leave, funeral leave, and leave of absence. Section 004 of Chapter 9 deals generally with vacation leave for state employees, and Section 004.01 states:
 Scheduling Vacation Leave. Vacation leave should be applied for in advance by the employee and may be used only when approved by the agency head. Vacation leave may not be unreasonably denied or deferred so that the employee is deprived of vacation rights.
Finally, Section 009 of Chapter 9 of the Personnel Rules deals with "Military Leave." In that regard, Section 009.02 of Chapter 9 provides:
 Emergency Duty. Employees who are members of the Nebraska National Guard or any other reserve component and are ordered to duty under emergency conditions shall receive state compensation equal to the amount necessary to bring them to the level of their regular state pay, beginning with their military pay as the base amount. Pay vouchers shall be retained at the agency level in the employee's personnel file.
When Section 009.02 of the Personnel Rules is considered by itself, it would appear that Guard members on emergency active duty may only be paid by their state agency employers for the difference in their military pay and their agency pay. However, when all of the regulations and statutes noted above are considered in their entirety, it seems to us that the better answer to your question is that Guard employees may use their accrued vacation leave when they are on active emergency duty, if that use of vacation is approved by the agency head.
For one thing, it is clear under the Personnel Rules that a number of different types of leave are available to state employees who are absent from work, and there is no provision in the statutes or the Personnel Rules which restricts how vacation time in that system may be used, except that it "should" be applied for in advance and must be approved by the agency head. Consequently, there does not appear to be anything which would prevent a state employee and Guard member from opting to excuse his or her absence from state agency work during active service in the Guard by the use of his or her accrued vacation or earned compensatory time rather than the use of emergency military leave. That conclusion is supported by the fact that § 55-160
states that an additional leave of absence for emergency military duty "will be granted" until the end of the active duty event. That latter language seems to suggest that the Guard member/state employee must apply for or chose to claim the military leave under that statute.
In addition, the Legislative history of § 55-160 also supports the notion that guard members should be able to use accrued vacation time instead of emergency military leave under the circumstances at issue. The second portion of that statute creating emergency military leave was added as a result of LB 186 passed in 1969, 1969 Neb. Laws LB 186. The introducer's stated purpose for that bill was to "keep up the morale of the guardsman now serving with the state," and to "[reduce] the sacrifice of the enlisted man while ordered to state duty by providing a minimum rate of pay and assurance of reemployment upon termination of the emergency." Committee Records on LB 186, 80th Neb. Leg., Introducer's Statement of Purpose (January 22, 1969);Accord King v. School District of Omaha, 197 Neb. 303,248 N.W.2d 752 (1976). A construction of § 55-160 in the present case which would deny the use of accrued vacation time and mandate the use of military leave would hardly "keep up morale" or "reduce the sacrifice" of the Guard employees involved. As a result, we believe that the use of vacation time under these circumstances may be allowed.
In sum, we believe that state employees who are called to emergency active duty in the Guard may choose to expend their accrued vacation time rather than use emergency military leave so as to receive their normal agency pay plus their earnings from the Guard, provided that the agency heads for the state agencies in question approve that use of vacation time in the manner and under the same procedures as they do in other instances. We would also point out that such a result may have some advantages for the state agencies involved. For example, if a given state employee with a week of accrued vacation time who is a member of the guard chose to use that week of vacation in July, 1998, and emergency military leave in October, 1997, that employee would be absent from the state agency twice, once in October, and once in July. However, if that same employee chose to expend his week of accrued vacation time in October, 1997, instead of military leave, then he would only be out of the agency once, in October, 1997. The latter situation would also actually cost the state agency employer less, since the agency employer would only pay the employee for his week of vacation. Had the employee chosen to use military leave and vacation, the agency would have to pay for both vacation leave and military leave.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General
[1] We have spent little time on analysis of the NAPE/AFSCME State Labor contract in this case because you informed us that "the only reference in the labor contract to military leave is found in Article 14.20 which states: `Military leave shall be granted in accordance with applicable federal and state laws.'"